# In re Nolde & Horst Employes Association

*O. M. Wolff* and *Wilson S. Rothermel,* for petitioner.
*Darlington Hoopes* and *Isadore Katz,* contra.

SCHAEFFER, P. J., December 27, 1935.—There is before us the "Application for Incorporation" of the Nolde & Horst Employes Association. This professes to be in compliance with the Nonprofit Corporation Law of May 5, 1933, P. L. 289. Notice of the application has been duly given according to law. But against it there has been filed a protest and remonstrance setting forth specifically a number of objections. At a hearing before a judge testimony was taken in support of the application and in support of some of the objections.

The incorporation of corporations of the first class by the courts is governed solely and completely by statute. The court has no power or authority in the matter unless it be given by the legislature: "If", in the language of

the statute, "the court shall find the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the community, the court shall so certify" and grant the prayer; and, from this, the converse follows that, if the court does not find all facts necessary to warrant the granting of the decree, the application must be refused. It is not a matter dependent upon discretion.

If we assume that the so-called "application for incorporation" is the set of articles of incorporation required by the act, we nevertheless fail to find that it or they set forth all the matters required by section 203 of the act to be set forth in the articles. Thus clause 3 of said section provides that there must be set forth: "A precise and accurate statement of the purpose or purposes for which it is to be formed, and that it is a corporation which does not contemplate pecuniary gain or profit, incidental or otherwise, to its members." The application sets forth five purposes in vague and general terms, some of which may be open to criticism as not being either "precise" or "accurate", but nowhere do the applicants aver that the corporation does not contemplate pecuniary gain or profit to its members. Such omission is peculiarly fatal as the power of the courts to incorporate does not extend to corporations for profit. The fact, if true, that the corporation sought to be created is not for profit must be expressly set forth: In re William Betz, Jr., Voters League, 21 D. & C. 357.

The testimony has also disclosed certain doubts as to the authority of the petitioners to proceed as representatives of the present unincorporated association. Oddly enough the bylaws of the latter provide for no monthly or stated meetings, save the annual meeting. But by resolution the association had been meeting upon the first Friday of each month. At the meeting on the first Friday of June a committee to seek legal advice upon incorporation was appointed; at a meeting held on the second

Friday of July, without any special notice to the association's 800 members, the 50 members present resolved to apply for a charter of incorporation. The meeting of July 12th was not a meeting adjourned from the first Friday of that month, for there was no meeting on July 5th. It was, therefore, a special meeting. In absence of notice, given to all its members, of the purpose of such special meeting, those assembled were not in law or fact authorized to take any action on behalf of the entire membership.

The application sets forth that there is to be no capital stock, but it fails to make clear how the funds necessary to maintain the corporate existence are to be raised. Some money will inevitably be required if only to provide a minute book and to send notice of meetings to members. We cannot certify to the lawfulness, etc., of the proposed corporation unless it is made to appear how the necessary revenues will be raised: In re Real Estate Board of Brokers, 3 Berks 374.

As it stands, the application cannot be granted.

And now, to wit, December 27, 1935, the application is refused, without prejudice to the applicants' right to renew it in proper form.